IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOLOMON LADANIEL HENDERSON, AIS 250233 | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | Case No. 1:23-cv-121-ECM-SMD (WO) |
| ANNIE WARD, *et al.*, | ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### INTRODUCTION

This action under 42 U.S.C. § 1983 is before the court on Plaintiff Solomon LaDaniel Henderson's complaint alleging violations of his constitutional rights. (Doc. 1.) For the reasons discussed below, the Magistrate Judge finds that this case should be dismissed without prejudice.

### Court's March 7 Order (Doc. 5)

Henderson, who was an inmate at the Geneva County Jail when he initiated this action, applied for leave to proceed *in forma pauperis* (Doc. 2), and on March 7, 2023, after considering the inmate financial information submitted by Henderson, the court entered an order directing Henderson to pay an initial partial filing fee of $9.67 by March 21, 2023. (Doc. 5.) The court's March 7 Order advised Henderson that his failure to pay the initial partial filing fee as directed would result in a recommendation by the Magistrate Judge that his case be dismissed. (*Id.* at 3.) The March 7 Order also directed Henderson to

"immediately inform the court and Defendants or Defendants' counsel of any change in his address, i.e., if Plaintiff is transferred to a new correctional institution or released from confinement." (*Id*. at 4.) The March 7 Order further advised Henderson that "[f]ailure to provide a correct address to this Court within ten days following any change of address will result in dismissal of this action." (*Id*.)

### Court's March 14 Order (Doc. 8)

On March 10, 2023 (Doc. 7), Henderson filed a response to the Court's March 7 Order, but he did not submit the initial partial filing fee. Upon consideration of Henderson's response, the court entered an order on March 14, 2023, extending the deadline for Henderson to pay the $9.67 initial partial filing to April 5, 2023.[1] (Doc. 8.)

### Court's March 27 Order (Doc. 9)

On March 23, 2023, the mail with the copy of the court's March 7 Order sent to Henderson at the Geneva County Jail was returned as undeliverable, with the following notations: "Inmate Released," "Return to Sender," "Unclaimed," "unable to Forward." Because Henderson is no longer at the last address he provided to the court for service (the Geneva County Jail) and his current address is unknown, the court entered an order on March 27, 2023, requiring that by April 7, 2023, Henderson show cause why his case should not be dismissed for his failure to comply with the directive in the court's March 7 Order that he notify the court of any change in his address, and for failing to adequately

---

[1] On March 27, 2023, the mail with the copy of the court's March 14 Order sent to Henderson at the Geneva County Jail was returned as undeliverable, with the following notations: "Released, Return to Sender" & "Return to Sender, Attempted—Not Known, Unable to Forward."

2

prosecute this action. (Doc. 9.) The court's March 27 Order specifically advised Henderson that his case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of the case. (*Id*. at 1–2.)

Henderson has filed no response to the court's March 27 Order,[2] and the time for doing so has expired. The court therefore concludes that this case should be dismissed. The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds dismissal is the proper course of action. The administration of this case cannot properly proceed in Henderson's absence. Also, it appears Henderson may no longer be interested in the prosecution of this case as he has failed to comply with the orders of the court. Finally, under the circumstances, the court finds that any additional effort by this court to secure Henderson's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the undersigned concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil

---

[2] On April 13, 2023, the mail with the copy of the court's March 27 Order sent to Henderson at the Geneva County Jail was returned as undeliverable, with the following notations: "Return to Sender, Attempted—Not Known, Unable to Forward."

Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED WITHOUT PREJUDICE for Henderson's failure to comply with the orders of the court and his failure to prosecute this action.

And it is ORDERED that Plaintiff shall file any objections to this Recommendation **by May 2, 2023**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) bars a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v.*

*Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 18th day of April, 2023.

                         /s/  Stephen M. Doyle
                         STEPHEN M. DOYLE
                         CHIEF U.S. MAGISTRATE JUDGE